NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

HAROLD WAYNE BALLARD, JR., *Appellant.*

No. 1 CA-CR 24-0287

FILED 03-20-2025

Appeal from the Superior Court in Maricopa County
No.  CR2007-167771-001
The Honorable Jeffrey A. Rueter, Judge

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Quinton S. Gregory
*Counsel for Appellee*

Jennings Haug Keleher McLeon Waterfall, LLP, Phoenix
By Blake E. Whiteman, James Luis Csontos
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Samuel A. Thumma joined. Judge Angela K. Paton specially concurred.

_____

**C A T T A N I**, Judge:

¶1 Harold Wayne Ballard, Jr., appeals from the superior court's denial of his application to restore his civil rights and his right to possess or own a firearm. He also challenges the superior court's denial of his application to set aside his 2008 felony conviction and issue a certificate of second chance. We affirm the superior court's denial of Ballard's application to restore his civil rights and firearm rights because he abandoned the issue on appeal. And because Ballard's notice of appeal did not include the superior court's denial of his application to set aside his conviction and for issuance of a certificate of second chance, we decline to address that issue.

**FACTS AND PROCEDURAL BACKGROUND**

¶2 In 2007, Ballard was arrested after a random traffic record check revealed he was driving on a suspended license and had an outstanding warrant. Police found $1,000 in counterfeit bills in Ballard's wallet, and while conducting an impound search of the car, discovered a loaded .357 revolver, a .38 caliber revolver, two 14-gram bundles of methamphetamine wrapped in plastic, eight 3.5- to 3.9-gram baggies of methamphetamine, a digital scale, and $500 in counterfeit bills.

¶3 The State charged Ballard with possession of dangerous drugs for sale, misconduct involving weapons, and forgery. In 2008, Ballard pleaded guilty to an amended charge of solicitation to commit possession or use of dangerous drugs for sale, a class 4 felony. The remaining charges were dismissed pursuant to the plea agreement. Ballard was placed on probation for three years. Ballard completed all conditions and was discharged from probation in 2011.

¶4 In 2013, Ballard applied to have his firearm rights restored and his conviction set aside. The superior court denied his application,

citing the recency of Ballard's discharge from probation and the nature of the offense.

¶5        In 2023, Ballard applied to have the superior court restore his civil and firearm rights, set aside his conviction, and seal his criminal record.  The State did not file an objection.

¶6        In December 2023, the superior court noted that Ballard met all statutory requirements to restore his civil and firearm rights, but nevertheless denied the application, citing as reasons for the denial the nature of the offense: that the offense involved the sale of methamphetamine and that Ballard utilized firearms during the commission of the offense.

¶7        In February 2024, Ballard filed a motion for reconsideration of that decision, again seeking restoration of his civil and firearm rights and to set aside his conviction.  In April 2024, the superior court corrected factual errors from its 2023 ruling but again denied relief, citing the nature and circumstances of the offense: that Ballard was involved in the sale of methamphetamine and that there were weapons involved.

¶8        Ballard appealed.

## DISCUSSION

### I.        Jurisdiction.

¶9        The State challenges the timeliness of Ballard's appeal, arguing this Court lacks jurisdiction to address any aspect of his appeal because he filed his notice of appeal five months after the superior court denied his application in December 2023.  Ballard argues in response that the superior court treated his February 2024 motion for reconsideration as a new application, rendering the April 2024 ruling an order from which he may properly appeal.

¶10        Under A.R.S. § 13-907, restoration of civil and firearm rights is automatic for first-time offenders.  And A.R.S. § 13-905, which defines who is eligible to have a conviction set aside, is silent regarding the frequency with which eligible defendants may apply.  *See State v. Mathis*, 2 CA-CR 2022-0029, 2023 WL 118679, at *2, ¶ 10 (Ariz. App. Jan. 6, 2023) (mem. decision).  Arizona Rule of Criminal Procedure ("Rule") 29.6(c) permits reapplication (and an appeal):  "If an application is denied, the applicant may file a new application after satisfying all requirements or after resolving any other reason for denial."  *See also Mathis*, 2023 WL

3

118679, at *1, *3, ¶ 6 n.1, ¶ 11 (citing Rule 29.6(c) and finding that the superior court's treatment of the defendant's motion to reconsider as a successive application to set aside his conviction was an appealable order); *cf. State v. Perry*, 245 Ariz. 310, 312, ¶ 7 n.3 (App. 2018) (finding that a defendant's letter explaining why he believed his right to possess firearms should have been restored did not extend the time for appeal because it was a motion for reconsideration rather than a standalone application for relief).

¶11        Here, Ballard's February 2024 application, while titled a "motion to reconsider," was essentially a new application. The application drew the superior court's attention to inaccuracies in the December 2023 order's reasoning for denying his prior application, demonstrating an attempt to resolve the court's reasons for denial.[1]  The superior court likewise treated it as a new application and issued new orders addressing Ballard's requests using the same form and substantially similar content as those denying Ballard's prior applications. Ballard filed his notice of appeal on May 14, 2024, within 20 days of the court's April 2024 orders. *See* Ariz. R. Crim. P. 31.2(a)(2)(B); *see also, e.g., Perry*, 245 Ariz. at 312, ¶ 7 (citing Ariz. R. Crim. P. 1.1 and applying the deadlines for appeal provided by the Arizona Rules of Criminal Procedure after concluding an appeal from the denial of an application to restore civil and firearm rights and to set aside a conviction is criminal in nature).

¶12        Because A.R.S. § 13-905 and § 13-907 do not limit the frequency with which an eligible defendant may apply to restore rights or set aside a judgment, and because the superior court treated Ballard's motion as a new application, we do the same. Ballard's appeal from the April 2024 order denying his application to restore civil rights and firearm rights was thus timely, and we have jurisdiction under A.R.S. § 13-4033(A)(3).

## II.    Application to Restore Civil Rights and Firearm Rights.

¶13        Ballard's notice of appeal challenges the superior court's denial of his application to restore civil rights and firearm rights under A.R.S. § 13-907. But Ballard failed to address this issue in his briefing on appeal, and he has thus abandoned it. *State v. Carver*, 160 Ariz. 167, 175

---

[1]        The December 2023 order stated as a reason for denial that Ballard used firearms during the commission of the offense. This statement is inconsistent with the information in the presentence investigation report upon which the court relied, as no guns were used during the commission of the offense and were only found in the impound search of the vehicle.

(1989) ("Failure to argue a claim [in an opening brief] usually constitutes abandonment and waiver of that claim."). Accordingly, we decline to address whether the superior court erred by denying Ballard's application to restore his civil rights and his firearm rights.[2]

### III. Application to Set Aside Conviction and Issue a Certificate of Second Chance.

**¶14** Ballard claims the superior court erred by considering dismissed charges and information summarized from the police report that was contained in the presentence investigation when rejecting his application to set aside his conviction under A.R.S. § 13-905. Ballard did not, however, include the superior court's order denying this part of his application in his notice of appeal, stating only that he "appeals from the Court's April 24, 2024 Order Regarding Application to Restore Civil Rights and/or Right to Possess or Own a Firearm."

**¶15** While Ballard submitted a single application to the superior court regarding restoring his civil rights and firearm rights and to set aside his conviction and issue a certificate of second chance, the superior court addressed the application in two separate orders based on the statute governing each request. Because a notice of appeal must identify the order that is being appealed, and Ballard's notice of appeal specifically mentioned only the superior court's order denying his application to restore his rights—and not the order denying his application to set aside the conviction and issue a certificate of second chance—our jurisdiction is limited by the scope of Ballard's notice of appeal. *See* Ariz. R. Crim. P. 31.2(c)(1).

**¶16** Ballard asked us to exercise special action jurisdiction for the first time in his reply brief. But this case does not present any of the usual factors supporting an exercise of special action jurisdiction, and we decline Ballard's request. *See* Ariz. R. P. Spec. Act. 11(e), 12.

**¶17** Nevertheless, we note that under A.R.S. § 13-905, the superior court has discretion when evaluating the seven factors it must consider when determining whether to set aside a defendant's conviction. *See* A.R.S.

---

[2] Ballard was a first-time felony offender, has not been convicted of another felony since the conviction at issue, has completed probation, and has paid all victim restitution imposed. *See* A.R.S. § 13-907(A) ("[T]he court shall grant the [eligible person's] application without receiving a response from the state or holding a hearing."). Our denial of relief does not preclude Ballard from resubmitting his application.

§ 13-905(C). The facts underlying a guilty plea are often intertwined with those underlying the arrest and any original charges dismissed pursuant to a plea agreement, and information relating to those facts potentially falls within the nature and circumstances of the offense on which a defendant's conviction is based. *See* A.R.S. § 13-905(C)(1). Thus, Ballard's argument, as asserted, is unpersuasive.

## CONCLUSION

**¶18** Given the limited scope of Ballard's notice of appeal, we lack jurisdiction to consider his claim regarding the court's denial of his application to set aside his conviction and issue a certificate of second chance. We affirm the superior court's denial of Ballard's application to restore civil rights and firearm rights because Ballard waived this argument by failing to address it in his Opening Brief.

**P A T O N, J., specially concurring:**

**¶19** I concur with the decision, except for paragraph 17. We declined to exercise special action jurisdiction to address Ballard's claim that the superior court improperly considered information about his underlying arrest and original charges when it denied his application to set aside his conviction. Accordingly, I would not consider the merits of his argument.

